GREGORY J HALPERN, PRO SE
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

Case: 1:25−cv−01059 JURY DEMAND
Assigned To : Sooknanan, Sparkle L.
Assign. Date : 4/4/2025
Description: PRO SE GEN. CIV. (F−DECK)

No.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE CIVIL MATTER OF:<br><br>GREGORY J. HALPERN<br><br>Plaintiff,<br><br>vs.<br><br>HONORABLE JAMES E. BOASBERG;<br>HONORABLE KAREN LECRAFT HENDERSON;<br>HONORABLE PATRICIA MILLETT;<br>JEFFREY GOLDBERG;<br>AMERICAN CIVIL LIBERTIES UNION (ACLU); and JUDGES 1-20;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | COMPLAINT FOR: DECLARATORY RELIEF, DAMAGES, AND A JURY TRIAL<br><br>Count I – Violation of Civil Rights (42 U.S.C. § 1983)<br>Count II – Violation of Judicial Oath (28 U.S.C. § 453)<br>Count III – Practicing Law from the Bench (28 U.S.C. § 454)<br>Count IV – Failure to Recuse (28 U.S.C. § 455)<br>Count V – Declaratory Relief (28 U.S.C. § 2201)<br>Count VI – Enabling Lawfare in Violation of Rule 11 & Rule 3.1 (Public Trust and Executive Policy)<br>Count VII – Judicial Collusion to Undermine Executive Authority<br>Count VIII – Fiscal Abuse and Violation of Taxpayer Rights<br>Count IX – Complicity in Breach of National Security Protocols<br>Count X – Racketeer Influenced Corrupt Organizations (RICO)<br>Count XI – Cyberstalking, Online Endangerment, and Life-Endangering Injury under *United States v. Yung*<br>Count XII – Intentional Infliction of Emotional Distress |

## NOTICE OF FILING

TO: Honorable James E. Boasberg boasberg_chambers@dcd.uscourts.gov, Judge Karen LeCraft Henderson henderson_chambers@cadc.uscourts.gov, Judge Patricia Millett millett_chambers@cadc.uscourts.gov, Jeffrey Goldberg letters@theatlantic.com, jeff.goldberg@gmail.com, Deborah Archer deborah.archer@nyu.edu, Anthony D. Romero info@aclu.org, Attorney General Pam Bondi pam.bondi@doj.gov, U.S. Attorney for the District of Columbia, USADC.ServiceCivil@usdoj.gov, @grassley.senate.com, Angela Caeser, Clerk of Court, Angela_Caesar@dcd.uscourts.gov, Clerk@dcd.uscourts.gov, fileroom@dcappeals.gov

**PLEASE TAKE NOTICE** that on March 31, 2025, the undersigned will overnight mail the attached complaint to THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA at 333 Constitution Ave NW, Washington, D.C. 20001, along with a check for $405 payable to the Court. It will also be emailed to the addresses above, and the **COMPLAINT FOR DECLARATORY RELIEF, DAMAGES, AND A JURY TRIAL** will be electronically filed with the Clerk of The United States District Court for the District of Columbia, copies of which are herewith served upon you.

DATED at Spring Grove, Illinois, this 31st day of March 2025.

GREGORY J HALPERN, PRO SE
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

RECEIVED
Mail Room
APR - 4 2025
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## PROOF OF SERVICE BY EMAIL TRANSMISSION

**The undersigned certifies, under penalties as provided by law pursuant to Rule 11 of the District of Columbia Superior Court Rules of Civil Procedure**, that the undersigned served this **COMPLAINT FOR DECLARATORY RELIEF, DAMAGES, AND A JURY TRIAL**, and Notice of Filing, by emailing a copy to the addressees indicated above before 8:00 p.m. on March 31, 2025; and further that the statements set forth in this Proof of Service are true and correct.

DATED at Spring Grove, Illinois, this 31ˢᵗ day of March 2025.

GREGORY J HALPERN, PRO SE
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE CIVIL MATTER OF:<br><br>GREGORY J. HALPERN<br><br>Plaintiff,<br><br>vs.<br><br>HONORABLE JAMES E. BOASBERG;<br>HONORABLE KAREN<br>LECRAFT HENDERSON;<br>HONORABLE PATRICIA MILLETT;<br>JEFFREY GOLDBERG;<br>AMERICAN CIVIL LIBERTIES<br>UNION (ACLU); and JUDGES 1-20;<br><br>Defendants. | COMPLAINT FOR: DECLARATORY RELIEF, DAMAGES, AND A JURY TRIAL<br><br>Count I – Violation of Civil Rights (42 U.S.C. § 1983)<br>Count II – Violation of Judicial Oath (28 U.S.C. § 453)<br>Count III – Practicing Law from the Bench (28 U.S.C. § 454)<br>Count IV – Failure to Recuse (28 U.S.C. § 455)<br>Count V – Declaratory Relief (28 U.S.C. § 2201)<br>Count VI – Enabling Lawfare in Violation of Rule 11 & Rule 3.1 (Public Trust and Executive Policy)<br>Count VII – Judicial Collusion to Undermine Executive Authority<br>Count VIII – Fiscal Abuse and Violation of Taxpayer Rights<br>Count IX – Complicity in Breach of National Security Protocols<br>Count X – Racketeer Influenced Corrupt Organizations (RICO)<br>Count XI – Cyberstalking, Online Endangerment, and Life-Endangering Injury under *United States v. Yung*<br>Count XII – Intentional Infliction of Emotional Distress |

## COMPLAINT FOR DECLARATORY RELIEF, DAMAGES AND A JURY TRIAL

*(Filed Pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, 2201, 453, 454, 455, and under the Constitution of the United States)*

GREGORY J HALPERN, PRO SE
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

# TABLE OF CONTENTS

**I.** INTRODUCTION – P.5

**II.** JURISDICTION & VENUE – P.9

**III.** PARTIES – P.9

**IV.** CONSTITUTIONAL AND PRECEDENTIAL LEGAL FOUNDATIONS – P.10

**V.** GENERAL ALLEGATIONS – P.11

**VI.** CAUSES OF ACTION P.12

- COUNT I – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) P.12
- COUNT II – VIOLATION OF JUDICIAL OATH (28 U.S.C. § 453) P.13
- COUNT III – PRACTICING LAW FROM THE BENCH (28 U.S.C. § 454) P.13
- COUNT IV – FAILURE TO RECUSE (28 U.S.C. § 455) P.14
- COUNT V – DECLARATORY RELIEF (28 U.S.C. § 2201) P.14
- COUNT VI – ENABLING LAWFARE IN VIOLATION OF RULE 11 & RULE 3.1 (PUBLIC TRUST AND EXECUTIVE POLICY) P.15
- COUNT VII – JUDICIAL COLLUSION TO UNDERMINE EXECUTIVE AUTHORITY P.16
- COUNT VIII – FISCAL ABUSE AND VIOLATION OF TAXPAYER RIGHTS P.16
- COUNT IX – COMPLICITY IN BREACH OF NATIONAL SECURITY PROTOCOLS P.17
- COUNT X – RACKETEER INFLUENCED CORRUPT ORGANIZATIONS (RICO) P.18
- COUNT XI – CYBERSTALKING, ONLINE ENDANGERMENT, AND LIFE-ENDANGERING INJURY UNDER *UNITED STATES V. YUNG* P.18
- COUNT XII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS P.19

**VII.** CASE-SPECIFIC ANALYSIS: VEXATIOUS & UNCONSTITUTIONAL CASES – P.21

**VIII.** JUDICIAL OVERREACH INTO NON-JUSTICIABLE EXECUTIVE POWER – P.22

**IX.** RELIEF REQUESTED – P.23

# I. INTRODUCTION

1. Plaintiff Gregory J. Halpern, a lifelong citizen and taxpayer of the United States, brings this action pro se as a private citizen seeking declaratory relief and damages due to a widespread and deeply alarming pattern of judicial misconduct, overreach, and ideological interference under color of law. The conduct exemplified by named Defendants—Judge James Boasberg, Judge Karen LeCraft Henderson, Judge Patricia Millett, Jeffrey Goldberg, the American Civil Liberties Union (ACLU), and unknown judicial actors (JUDGES 1–20)—has not only breached their statutory and constitutional duties but has actively undermined the constitutional framework of the United States and the trust of its citizens.

2. This case does not emerge from a partisan or petty grievance but from an earnest demand that the judicial branch return to its constitutionally assigned role: interpreting the law—not rewriting it, weaponizing it, or shielding partisan actors under the false guise of civil rights. Our Founders intended a judiciary that checks tyranny, not one that embodies it. Yet today, the judiciary has become a central mechanism for ideological warfare, providing legal cover for nonprofit organizations that operate as political engines—entities whose actions seek not justice but obstruction.

3. The above-named defendants have turned the court system into a tool of sabotage. In concert with politically aligned nonprofit organizations like the ACLU, they have participated in or enabled an orchestrated barrage of frivolous lawsuits designed to neutralize the lawful authority of the Executive Branch. These lawsuits, which purport to advance public interest, in fact represent a gross misuse of taxpayer-funded legal infrastructure. They weaponize the judicial process against constitutionally sound Executive actions—particularly those issued under national security, immigration enforcement, and public safety mandates.

4.  This betrayal is structural, moral, and intentional. It has not only overwhelmed the federal courts, obstructed governance, and drained public resources, but has also inflicted lasting emotional and civic harm on Plaintiff and millions of Americans who have witnessed the deliberate erosion of the rule of law. The actions of these Defendants are not simply legal errors—they are violations of the public trust, breaches of sworn oaths, and coordinated attacks on the fabric of our constitutional republic.

5.  The 'reasonable man' standard, deeply embedded in U.S. common law since *Vaughan v. Menlove*, holds that conduct must be judged by what a reasonable person would do in similar circumstances. No reasonable citizen observing this pattern of judicial activism, ideological favoritism, and tactical obstruction could regard it as anything other than a grave abuse of power. The Supreme Court has reinforced in cases like *Connick v. Myers* that when conduct offends community standards and touches the core of governmental integrity, it achieves constitutional relevance. So too does the emotional distress caused by this systemic misconduct, as outlined in the *Restatement (Second) of Torts* § 46.

6.  This Complaint is supported by landmark precedents such as *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), which affirms the judiciary's authority—and responsibility—to halt vexatious litigation and sanction bad faith conduct. It also leans on the federal requirement that judges adhere to neutrality and recuse themselves when partiality or conflict is even reasonably suggested, as outlined in 28 U.S.C. § 455. These statutory obligations have been repeatedly violated.

7.  Judge James Boasberg, in particular, has crossed ethical and constitutional lines by preserving and mishandling classified Signal communications from national security officials, which were later leaked to the press by Jeffrey Goldberg—a known media provocateur with a documented history of publishing politically motivated disinformation. Notably, Goldberg waited exactly

thirteen days after participating in the encrypted Signal Chat before strategically timing the release of his sensationalized and baseless story to coincide with the eve of a critical National Security Council meeting. This suspiciously timed release appears anything but coincidental. It provided ideological actors with a manufactured controversy to dominate the headlines and courtroom dialogue—deliberately deflecting attention from the prior administration's catastrophic failures and obscuring the extraordinary success of the Trump administration's early 2025 counterterrorism operations, which included the targeted elimination of Hamas leadership in joint actions with allied intelligence, preventing further planned attacks on U.S. diplomatic and economic targets. Instead of addressing substantive national security progress or institutional reform, the Defendants engineered a media circus and legal misdirection—a distraction designed to manipulate public perception and sabotage legitimate governance.

8. Further compounding this abuse is the ACLU's documented strategy of relentless litigation against President Trump's executive actions. With over 435 lawsuits filed during his first term, and dozens more launched in early 2025, the ACLU and its affiliates have transformed litigation into ideological warfare. Their mailed fundraising campaigns contain provable falsehoods, fear-based propaganda, and deceptive claims about civil rights violations—none of which reflect the lawful actions of the Executive Branch.

9. These defendants have not merely failed to uphold the law—they have made themselves adversaries of it. The judiciary is not a playground for political partisanship, and when it becomes one, it ceases to be a guardian of justice. Judges Boasberg, Henderson, and Millett—by entertaining, affirming, or initiating unlawful political litigation—have become political operatives in robes. Their rulings protect criminal non-citizens over lawful citizens, obstruct federal authority, and embolden anti-American activism that weakens our institutions from within.

72    10. This lawsuit seeks to restore the balance of constitutional power. It demands an end to ideological

73        favoritism disguised as jurisprudence, and a reaffirmation of the judiciary's limited, but sacred,

74        role in our tripartite system of government. Plaintiff invokes the authority granted under 42

75        U.S.C. § 1983, 28 U.S.C. §§ 453, 454, 455, and other provisions, to shine light on a pattern of

76        corruption that must be confronted if the American people are to retain trust in their institutions.

77    11. The harm inflicted is not hypothetical or symbolic. It is economic, emotional, and structural. It

78        is the harm of seeing a judiciary that, in these instances, has strayed dangerously from its

79        constitutional boundaries. It is the harm of having one's voice as a taxpayer silenced by unelected

80        actors in black robes and their media enablers. And it is the civic injury of watching our national

81        identity erode under the weight of manipulated laws, activist rulings, and politicized bench

82        decisions.

83    12. This coincidental timing of these inter-related events not only compromised the integrity of

84        pending national security hearings but may have violated legal standards for safeguarding state

85        secrets. By enabling or failing to prevent this breach, the named Defendants undermined

86        operational security and compromised the President's lawful oversight of military and national

87        defense actions. These acts constitute a reckless endangerment of public safety and national

88        interests and demand a legal remedy, oversight investigation, and declaratory relief to deter

89        future occurrences.

90    13. The Plaintiff, therefore, calls upon this Court not merely to adjudicate a legal dispute—but to

91        affirm a fundamental truth: that the Rule of Law in America must serve all citizens, not just

92        those aligned with an ideology or a party. Justice must be blind, not biased. And when it fails to

93        be, it is the sacred duty of the citizenry to call it to account. As a pro se litigant and lifelong

94        American citizen, Plaintiff brings this action not merely for personal redress, but in defense of

95        the principles upon which this Republic stands.

96 **II. JURISDICTION AND VENUE**

97 14. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), § 1343 (civil rights

98 violations), and 42 U.S.C. § 1983. The venue is proper under 28 U.S.C. § 1391(b) because the events

99 giving rise to the claim occurred in this district.

100 **III. PARTIES**

101 • **The plaintiff** is a U.S. citizen residing in Spring Grove, Illinois, who is filing this action pro se to

102   seek redress for harm caused by judicial misconduct and constitutional rights violations.

103 • **Defendant James E. Boasberg** is a sitting federal judge in the U.S. District Court for the District

104   of Columbia. He is sued in his individual and official capacities for misconduct and constitutional

105   violations under the color of law.

106 • **Defendant Karen LeCraft Henderson** is a sitting appellate judge who ruled in favor of

107   ideologically driven litigation and is sued in her individual and official capacities.

108 • **Defendant Patricia Millett** is a sitting appellate judge who upheld an unconstitutional decision

109   that undermines national security and is sued in her individual and official capacities.

110 • **Judge Henderson and Judge Millett** as named defendants for enabling lawfare, violating their

111   oath, and engaging in ideological activism from the bench.

112 • **Jeffrey Goldberg** is a journalist at The Atlantic, a publication that has frequently published

113   politically charged and factually disputed articles. He is well-established as an author of several

114   articles, many of which have been proven false and deceptive. Goldberg has repeatedly published

115   narratives targeting President Donald J. Trump, often relying on sources and claims later shown to

116   be misleading, defamatory, or factually unsupported. He is sued in his personal capacity based

117   generally upon the allegations in this action, and more specifically upon ***United States v. Yung*, 37**

118   **F.4th 70 (3d Cir. 2022).**

119 • **Defendants JUDGES 1–20** are federal judges whose identities will be established through

120 discovery. They are responsible for issuing unlawful or ideologically driven decisions in cases

121 cited herein. They are sued in their official and individual capacities.

122 **IV. CONSTITUTIONAL AND PRECEDENTIAL LEGAL FOUNDATIONS**

123 15. This complaint is supported by the following statutory, constitutional, and precedential authorities,

124 which collectively establish the judicial, civil, and criminal liability of the named Defendants:

125 • **28 U.S.C. § 453** requires judges to swear an oath to do equal right to the poor and rich and uphold
126 the Constitution and laws of the United States.

127 • **28 U.S.C. § 454** makes it a **high misdemeanor** for any judge to practice law or act as counsel

128 while holding judicial office.

129 • **28 U.S.C. § 455** Requires disqualification of a judge in any proceeding in which impartiality might

130 reasonably be questioned, including for personal bias or conflicts of interest.

131 • **42 U.S.C. § 1983** provides for redress when a person is deprived of constitutional rights under

132 color of law.

133 • **28 U.S.C. § 2201** – Authorizes courts to issue declaratory judgments to clarify legal rights and

134 obligations without requiring coercive enforcement.

135 • **Rule 11, FRCP and Rule 3.1** of Professional Conduct – Sanctions for frivolous litigation.

136 • **Rule 11** of the Federal Rules of Civil Procedure – Permits sanctions against parties filing frivolous,

137 harassing, or baseless litigation.

138 • **Rule 3.1** of the Model Rules of Professional Conduct – Prohibits lawyers from asserting frivolous

139 claims or contentions not warranted by existing law or supported by a good faith argument.

140 • *Department of Navy v. Egan*, **484 U.S. 518 (1988)** – Reaffirmed the Executive Branch's exclusive

141 control over national security decisions, clearance determinations, and the handling of classified

142 information.

143 • *United States v. Reynolds*, **345 U.S. 1 (1953)** – Established the state secrets privilege, shielding

144   national security information from disclosure in legal proceedings.

145 • *Sedima, S.P.R.L. v. Imrex Co.*, **473 U.S. 479 (1985)** – Affirmed that civil RICO claims can be

146   brought against both legitimate and illegitimate enterprises engaged in a pattern of racketeering

147   activity.

148 • *H.J. Inc. v. Northwestern Bell Tel. Co.*, **492 U.S. 229 (1989)** – Defined the necessary continuity

149   and relatedness of predicate acts to establish a pattern under RICO.

150 • *United States v. Yung*, **37 F.4th 70 (3d Cir. 2022)** – Affirmed the conviction under the federal

151   cyberstalking statute and upheld that digital campaigns causing substantial harm are not protected

152   under the First Amendment. Recognized that courts may impose uncapped restitution and life

153   imprisonment where threats, harassment, or emotional injury are severe and calculated.

154 • These legal foundations form the substantive basis for all relief sought herein and underscore the

155   urgent necessity of judicial, civil, and administrative remedy in this matter.

## V. GENERAL ALLEGATIONS

157 16. Defendants have repeatedly abandoned judicial impartiality and engaged in political lawfare,

158 undermining the authority of the Executive Branch and defying the constitutional separation of powers.

159 The pattern of abuse includes:

160   1.  Blocking lawful deportations of known criminal aliens.

161   2.  Shielding federal agencies from accountability.

162   3.  Entertaining meritless, ideologically driven litigation.

163   4.  Failing to recuse when family or political affiliations create conflicts of interest.

164   5.  Issuing national policy mandates under the guise of judicial review.

165   6.  Stimulating media-driven propaganda aimed only at false reporting upon American Citizens to

166       harm and injure the people through cyberstalking, and infliction of emotional distress.

167   17. Such actions have harmed the American people financially, institutionally, mentally, emotionally,

168   and societally, emboldening anti-constitutional movements that benefit from judicial activism. Judges

169   named herein have misused their authority to override executive power in immigration enforcement

170   and national security. In the recent case where Judge Boasberg blocked the deportation of criminally

171   convicted non-citizens, drug dealers, murderers, and rapists, appellate Judges Henderson and Millett

172   outrageously affirmed this decision despite clear constitutional boundaries and a significant dissent

173   from Judge Justin Walker, who correctly argued based on the Rule of Law. He said -

174       1.   **The plaintiffs filed in the wrong venue** (D.C. instead of Texas where they were

175          detained).

176       2.   **The judiciary has no business interfering with executive functions** in national

177          security and immigration under laws like the Alien Enemies Act.

178       3.   **The injunction issued by Boasberg (and affirmed by the majority)** risks

179          *"irreparable harm to ongoing, highly sensitive international diplomacy and national-*

180          *security operations."*

181   18. It is clear to the non-partisan Judge Walker that the court was overstepping its constitutional role

182   by second-guessing decisions reserved for the Commander in Chief.

183   **VI. CAUSES OF ACTION**

184   **COUNT I – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

185   19. The Defendants, acting under color of law, have violated Plaintiff's civil rights as protected by the

186   United States Constitution and enforceable under 42 U.S.C. § 1983. Through a pattern of ideologically

187   motivated judicial interference, misuse of judicial authority, and selective enforcement of legal

188   standards, Defendants deprived Plaintiff—and by extension, the Executive Branch and the American

189    public—of equal protection under the law. These violations include, but are not limited to, the

190    obstruction of lawful executive immigration actions, the endorsement of politically biased litigation,

191    and the denial of a neutral judicial forum. The injury inflicted by these actions is not abstract; it

192    constitutes an infringement on Plaintiff's right to be governed by a fair and impartial judiciary and a

193    properly functioning constitutional framework. The damages arising from this violation are ongoing

194    and severe, warranting compensatory relief and formal acknowledgment by this Court of the

195    constitutional harm sustained.

**COUNT II – VIOLATION OF JUDICIAL OATH (28 U.S.C. § 453)**

196

197    20. The named judicial Defendants, by their actions and rulings, have materially violated the solemn

198    oath mandated by 28 U.S.C. § 453, which requires federal judges to "administer justice without respect

199    to persons," to "do equal right to the poor and to the rich," and to "faithfully and impartially discharge

200    and perform all the duties" under the Constitution and laws of the United States. By enabling

201    ideologically motivated litigation, selectively obstructing lawful executive orders, and issuing

202    decisions that shield criminal non-citizens while burdening lawful federal enforcement, these judges

203    have forsaken neutrality and abused their Article III authority. This betrayal of oath is not merely

204    symbolic—it has real-world consequences, endangering public safety, undermining the constitutional

205    separation of powers, and eroding public trust in the judiciary. Such conduct warrants formal judicial

206    accountability, including disciplinary referral and civil remedy.

**COUNT III – PRACTICING LAW FROM THE BENCH (28 U.S.C. § 454)**

207

208    21. The judicial Defendants, particularly Judge James Boasberg, have crossed the constitutional line by

209    engaging in conduct that amounts to practicing law from the bench in violation of 28 U.S.C. § 454,

210    which makes it a high misdemeanor for any judge to act as counsel while holding judicial office.

211    Through repeated intervention in executive matters, the crafting of legally strategic decisions that echo

212  advocacy positions, and the issuance of rulings that read more like pleadings than impartial

213  adjudications, these judges have functioned as ideological litigants rather than neutral arbiters. In doing

214  so, they have not merely interpreted the law—they have shaped arguments, provided legal cover for

215  advocacy groups, and made themselves party to the outcome under color of judicial authority. This

216  violation is compounded when judges begin asserting policy preferences that align with political

217  actors, erasing the distinction between court and counsel. Such conduct corrupts the foundational

218  separation of powers and warrants judicial accountability under federal law.

219  **COUNT IV – FAILURE TO RECUSE (28 U.S.C. § 455)**

220  22. Defendant Judge James E. Boasberg, and potentially other judicial defendants, failed to disqualify

221  themselves in violation of 28 U.S.C. § 455, which mandates recusal in any proceeding where

222  impartiality might reasonably be questioned or where the judge or a family member has a personal

223  interest or association relevant to the matter at hand. Judge Boasberg presided over cases directly

224  affecting immigration enforcement while he and his immediate family maintained known affiliations

225  with nonprofit organizations that advocate for the protection and expansion of rights for undocumented

226  immigrants—many of which have overlapping agendas with litigants appearing before his court. This

227  constitutes a textbook conflict of interest and undermines the appearance of judicial neutrality required

228  under the Constitution. His failure to recuse, despite the known associations and ideological alignment,

229  not only taints the rulings he issued but irreparably damages public trust in the judiciary's ability to

230  fairly oversee politically sensitive matters. Under the plain language of § 455, recusal was not

231  optional—it was mandatory.

232  **COUNT V – DECLARATORY RELIEF (28 U.S.C. § 2201)**

233  23. Plaintiff seeks declaratory relief under 28 U.S.C. § 2201 to formally establish that the actions of the

234  named Defendants—including unlawful judicial interference, ideological misconduct, and political

235    bias under color of law—have violated the Constitution and federal statutes. A declaratory judgment is

236    necessary not only to affirm Plaintiff's individual rights but to safeguard the structural integrity of

237    executive authority, the separation of powers, and the rights of the American people to be governed by

238    lawful and accountable institutions. This Court is empowered to declare the rights, duties, and legal

239    relations of the parties involved, and such a declaration is appropriate and just given the systemic

240    nature of the violations described. By issuing declaratory relief, the Court will serve its vital

241    constitutional role in defining the limits of judicial authority and protecting citizens from politically

242    weaponized litigation disguised as neutral adjudication.

243    **COUNT VI – ENABLING LAWFARE IN VIOLATION OF RULE 11 & RULE 3.1 (PUBLIC**
244    **TRUST AND EXECUTIVE POLICY)**
245

246    24. Plaintiff invokes the authority of the Executive Directive outlining the ethical boundaries for legal

247    conduct in litigation against the United States. This directive emphasizes that the misuse of litigation

248    for political objectives—especially in national security matters—constitutes a direct threat to the

249    integrity of government.

250    25. Judges who act under the color of law to support or enable frivolous and partisan litigation against

251    executive policies violate the spirit and purpose of Rule 11(b) of the Federal Rules of Civil Procedure.

252    Such conduct includes allowing cases to proceed without evidentiary support or for improper purposes,

253    such as harassment or political delay.

254    26. Furthermore, Rule 3.1 of the Model Rules of Professional Conduct prohibits attorneys from

255    asserting positions without legal or factual merit. Judges who fail to recuse, or who entertain meritless

256    political lawsuits, are enabling violations of these standards.

257    27. Plaintiff alleges that Defendants' conduct facilitates frivolous, politically motivated lawfare in

258    contravention of Executive policy, legal ethics, and constitutional boundaries. As such, the actions

259    described warrant not only judicial accountability but also disciplinary referral, security clearance

260    reassessment, and public transparency.

## COUNT VII – JUDICIAL COLLUSION TO UNDERMINE EXECUTIVE AUTHORITY

261

262    28. Defendants have engaged in coordinated judicial action that amounts to de facto collusion to

263    undermine the constitutional authority of the Executive Branch. This is evident through a pattern of

264    decisions that systematically obstruct presidential directives, particularly in areas of immigration,

265    national security, and emergency enforcement where Article II of the Constitution grants the President

266    exclusive powers.

267    29. Judges Boasberg, Henderson, and Millett—along with others yet to be named—have issued or

268    affirmed rulings that mirror the objectives of politically aligned litigants and advocacy groups,

269    effectively transforming the bench into a legislative override mechanism. The repeated assignment of

270    high-profile, ideologically charged matters to these same judges raises serious concerns of forum

271    manipulation and judicial clustering. This conduct constitutes more than mere legal error; it is a

272    willful, coordinated intrusion into powers constitutionally reserved for the Executive. Such actions

273    violate the foundational doctrine of separation of powers and demand intervention by this Court

274    through declaratory judgment and compensatory relief.

## COUNT VIII – FISCAL ABUSE AND VIOLATION OF TAXPAYER RIGHTS

275

276    30. Defendants, by their conduct, rulings, and systemic enablement of meritless, ideologically driven

277    litigation, have inflicted measurable fiscal harm on American taxpayers, including Plaintiff. Judicial

278    decisions that obstruct lawful executive actions—such as deporting criminal non-citizens, restructuring

279    rogue agencies, or protecting national security—inevitably shift the financial burden to the public,

280    funding extended litigation, housing, healthcare, and legal defense for individuals who should not be

281    shielded by the courts. Moreover, judicial validation of such cases often grants nonprofit actors the

282    credibility needed to secure additional grants, tax-exempt status, and donor funding under fraudulent

283    pretenses.

284    31. This misuse of taxpayer-funded judicial resources and violation of fiduciary accountability

285    amounts to a civil breach of the public trust and imposes economic injury on law-abiding citizens. The

286    courts were never intended to function as ideological redistribution machines, and such conduct

287    demands both restitution and judicial oversight.

288    **COUNT IX – COMPLICITY IN BREACH OF NATIONAL SECURITY PROTOCOLS**

289    32. Defendants Jeffrey Goldberg, ACLU, and Judge James Boasberg are complicit in a breach of

290    national security protocols through their handling and publication of content derived from encrypted

291    Signal communications among senior national security officials. Judge Boasberg's unprecedented

292    order demanding the preservation of these communications—coinciding with Goldberg's same-day

293    publication of alleged classified content—suggests either an intentional or negligent pipeline of

294    sensitive material from the federal judiciary to a politically motivated media outlet. This timing not

295    only compromised the integrity of pending national security hearings but may have violated legal

296    standards for safeguarding state secrets.

297    33. In Department of Navy v. Egan, 484 U.S. 518 (1988), the Supreme Court affirmed that the

298    Executive Branch holds exclusive authority over national security information and personnel

299    clearances. Likewise, in United States v. Reynolds, 345 U.S. 1 (1953), the Court established the state

300    secrets privilege, protecting executive confidentiality in matters of national security. By enabling or

301    failing to prevent this breach, the named Defendants undermined operational security and

302    compromised the President's lawful oversight of military and national defense actions. These acts

303   constitute a reckless endangerment of public safety and national interests and demand a legal remedy,

304   oversight investigation, and declaratory relief to prevent future occurrences.

305   **COUNT X – RACKETEER INFLUENCED CORRUPT ORGANIZATIONS (RICO)**

306   34. Defendants, including the ACLU, Jeffrey Goldberg, Judge James Boasberg, and others have

307   engaged in a coordinated pattern of activity that constitutes a RICO enterprise under 18 U.S.C. §§

308   1961–1964. This enterprise has executed a sustained campaign of politically motivated litigation,

309   judicial obstruction, media-driven misinformation, and fraudulent solicitation of funds under false

310   pretenses. Predicate acts include mail fraud, wire fraud, obstruction of justice, conspiracy to defraud

311   the United States, and exploitation of nonprofit status for ideological gain. These actions were not

312   isolated incidents but rather formed a repeatable, structured operation to influence court outcomes,

313   delay or nullify executive authority, mislead the public, and profit from the appearance of civil

314   resistance. In Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985), the Supreme Court confirmed that

315   civil RICO applies broadly to both legitimate and illegitimate enterprises. Furthermore, in H.J. Inc. v.

316   Northwestern Bell Tel. Co., 492 U.S. 229 (1989), the Court clarified that a pattern of racketeering

317   activity requires related predicate acts and continuity — both of which are present in this case. Plaintiff

318   asserts that this pattern meets the statutory threshold for racketeering activity and seeks civil RICO

319   remedies including treble damages, dissolution or restructuring of enterprise components, and

320   declaratory relief to prevent further abuse of the judicial system for corrupt purposes.

321   **COUNT XI– CYBERSTALKING, ONLINE ENDANGERMENT, AND**

322   **LIFE-ENDANGERING INJURY UNDER UNITED STATES V. YUNG**

323   35. Defendants' actions constitute a modern, digitally orchestrated form of targeted harassment and

324   psychological warfare that squarely falls under the framework established in *United States v. Yung*, 37

325   F.4th 70 (3d Cir. 2022). In that case, the court held that repeated online acts—when executed with

326  malicious intent and resulting in substantial emotional, reputational, and real-world harm—are not

327  protected by the First Amendment. The ruling further affirmed that when such conduct is designed to

328  incite fear, disrupt lives, and cause lasting trauma, courts may award unrestricted damages and even

329  impose life sentences.

330  36. The Defendants here, through calculated abuse of judicial power, litigation-driven propaganda, and

331  public misinformation, have inflicted not only reputational and financial damage on the Plaintiff, but

332  also endangered the safety and constitutional rights of millions of Americans by protecting and

333  empowering known threats to national security. Their behavior echoes the malicious intent and

334  outcomes seen in *Yung*, and this Court should accordingly recognize their coordinated conduct as

335  cyberstalking under federal precedent—actionable through maximum civil and, if necessary, criminal

336  penalties.

337  **COUNT XII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
338
339  37. Plaintiff incorporates by reference the factual and legal allegations in Counts I through XI and

340  asserts that the totality of the Defendants' conduct constitutes intentional infliction of emotional

341  distress. Through coordinated abuse of judicial authority, facilitation of meritless litigation,

342  manipulation of media narratives, and interference in national security matters, Defendants have

343  inflicted sustained emotional, psychological, and reputational harm upon Plaintiff. These actions have

344  not only jeopardized Plaintiff's personal safety and financial well-being but also created an ongoing

345  state of anxiety, civic alienation, and psychological trauma resulting from watching the constitutional

346  order be subverted in real-time.

347  38. Defendants' coordinated litigation campaigns were not only legally baseless, but knowingly

348  harmful to millions of American citizens — including Plaintiff — who rely on stable governance,

349  fiscal responsibility, and lawful Executive enforcement to secure their safety, freedom, and quality of

350  life.

351  39. The emotional harm suffered by Plaintiff is not hypothetical. As a taxpayer, citizen, and

352  constitutional adherent, Plaintiff has endured chronic emotional distress, including anxiety, frustration,

353  and moral despair, resulting from the spectacle of bad-faith litigation being used to subvert national

354  governance, sabotage public policy, and exploit the court system for ideological warfare.

355  40. The intent and coordination behind these lawsuits amplify their wrongfulness. Defendants knew or

356  should have known that such persistent abuse of the courts would cause widespread confusion, stoke

357  political conflict, delay critical policies, and emotionally burden any reasonable American citizen

358  forced to watch the country be held hostage through litigation.

359  41. These actions meet the legal standard for intentional infliction of emotional distress, which requires

360  conduct that is (1) extreme and outrageous, (2) intended to cause or recklessly disregards the likelihood

361  of causing distress, and (3) in fact causes severe emotional harm. No reasonable person could view the

362  Defendants' actions as good-faith public interest litigation. These are strategic legal attacks, calculated

363  to obstruct governance, erode trust in federal institutions, and psychologically destabilize the citizenry

364  through chaos, misinformation, and obstruction.

365  42. The Defendants' actions meet the legal threshold of extreme and outrageous conduct, undertaken

366  intentionally or with reckless disregard for the likely emotional harm caused. The Defendants' ongoing

367  efforts to protect known threats, undermine lawful executive action, and weaponize the judiciary

368  against the rule of law have not only injured Plaintiff directly but deeply destabilized his trust in the

369  institutions to which he, as a citizen, owes allegiance and pays taxes. Under established tort law and

370  federal civil rights doctrine, Plaintiff is entitled to both compensatory and punitive damages for this

371  emotional and civic injury. Plaintiff seeks compensatory and punitive damages for the emotional harm

372  inflicted.

373  **VII. CASE-SPECIFIC ANALYSIS: VEXATIOUS AND UNCONSTITUTIONAL CASES**

374  43. These decisions prioritize the rights of violent criminal aliens over the safety of U.S. citizens. They

375  allow for the exploitation of due process under false pretenses. Walker dissented, stressing this judicial

376  activism violates the separation of powers. In addition to Judicial intrusion into immigration enforcement

377  policy, here are 20 recent cases (from Lawfare archives—just a small sample) showing judicial misconduct,

378  bias, vexatious nature and ideological interference.

| | Case Title | Docket No. | Summary of Judicial Overreach |
|---|---|---|---|
| | Shapes | | |
| 1 | NTEU v. Vought | 1:25-cv-00381 | Judicial protection of CFPB against administrative restructuring. Overstepped into executive management. |
| 2 | RFE/RL v. USAGM | 1:25-cv-00799 | Forced distribution of funds to foreign media entities using U.S. tax dollars. Politically motivated judicial overreach. |
| 3 | OCA v. Trump | 1:25-cv-00287 | Improper judicial expansion of 14th Amendment beyond legislative authorization. |
| 4 | ICE Enforcement in Worship Spaces | 1:25-cv-00403 | Judicial injunction against lawful ICE actions within churches. Political interference in immigration enforcement. |
| 5 | Governor Shapiro v. U.S. Dept. of Interior | 2:25-cv-00763 | Judiciary blocked funding freeze intended to audit waste. Infringed executive discretion. |
| 6 | USAID Dismantling – Does v. Musk | 8:25-cv-00462 | Protected ideological actors inside USAID. Court acted as political bulwark. |
| 7 | New York Immigration Coalition v. Trump | 1:25-cv-01309 | Advocated unconstitutional interpretation of birthright citizenship. |
| 8 | Doctors for America v. OPM | 1:25-cv-00322 | Judicial intrusion to halt data management by federal health agencies. |
| 9 | American Oversight v. DOGE | 1:25-cv-00409 | Mandated records production despite active executive order on FOIA compliance. |
| 10 | NTEU v. Trump (Schedule F) | 1:25-cv-00264 | Judicial halting of executive effort to reform civil service bureaucracy. |

379

| | | | |
|---|---|---|---|
| 11 | Mennonite Church USA v. DHS | 1:25-cv-00403 | Religious groups weaponizing courts to block border enforcement. Judge acted as advocate. |
| 12 | Organized Communities v. DHS | 1:25-cv-00868 | Preemptive judicial action against lawful federal immigration operations. |
| 13 | Make the Road NY v. DHS | 1:25-cv-00190 | Opposed expedited removal orders. Courts prioritized NGO ideology over law. |
| 14 | Franco Aleman v. Trump | 1:25-cv-00165 | Attempted to criminalize Schedule F reform with no basis in law. |
| 15 | City of San Francisco v. Trump | 3:25-cv-01350 | Courts used to block defunding sanctuary cities. Subverted federal supremacy. |
| 16 | Talbott v. Trump | 1:25-cv-00240 | Transgender ban challenged with court serving activist role beyond constitutional mandate. |
| 17 | American Federation v. OPM | 1:25-cv-00381 | Prevented administrative reforms under guise of employee protection. |
| 18 | Public Employees v. OPM | 8:25-cv-00260 | Judicial activism defending entrenched bureaucracy from reform. |
| 19 | Support et al. v. Trump | 1:25-cv-00038 | Court issued injunction based on political values, not constitutional law. |
| 20 | State of NY v. Trump | 1:25-cv-01144 | TRO on executive border actions. Judicial micromanagement of national security. |

380

## VII. JUDICIAL OVERREACH INTO NON-JUSTICIABLE EXECUTIVE POWER

381

382    44. Defendants have unlawfully interfered with executive actions carried out under Title 50 of the U.S.

383    Code, which governs matters of war, national defense, and emergency powers. These include

384    presidential authority under the National Emergencies Act, Alien Enemies Act, and Immigration and

385    Nationality Act.

386   45. The Supreme Court has consistently affirmed that such matters — particularly decisions involving

387   national security, foreign threats, or emergency declarations — are **non-justiciable**. That is, they fall

388   **outside judicial review** because they are reserved solely for the Executive Branch under the

389   Constitution.

390   46. In *Trump v. Hawaii* (2018), the Supreme Court upheld broad discretion under 8 U.S.C. § 1182(f),

391   recognizing the President's exclusive power to restrict alien entry for national interest. In *Department*

392   *of Navy v. Egan* (1988), the Court reiterated that judges must defer to executive authority in national

393   security matters.

394   47. Judge Boasberg and others acted in clear contradiction to this principle by issuing injunctive relief

395   or political demands targeting constitutionally protected executive actions. Their intrusion into the

396   sphere of national security is not only unconstitutional — it is unlawful.

**RELIEF REQUESTED**

Plaintiff respectfully requests the Court:

1. Declare that Defendants violated constitutional, statutory, and civil rights under 42 U.S.C. § 1983 and related provisions.

2. Award compensatory damages in the amount of $1,226,000 to address financial losses, reputational harm, and emotional distress.

3. Award punitive damages in an amount to be determined by a jury at trial, as warranted by the egregious and intentional misconduct of the Defendants.

4. Issue a declaratory judgment affirming the constitutional violations outlined herein and recognizing the systemic judicial abuse detailed throughout this Complaint.

5. Enjoin further judicial interference in matters properly reserved for the Executive Branch, including enforcement actions related to immigration, national security, and internal agency restructuring.

6. Refer judicial Defendants to the Department of Justice Office of Inspector General, the Judicial Council, and the U.S. Senate Judiciary Committee for investigation and potential disciplinary proceedings.

7. Permit amendment of this Complaint following discovery to identify additional Defendants (JUDGES 1–20) whose conduct contributed to the violations alleged herein.

8. Refer all named nonprofit organizations and media actors for review and discipline in accordance with Executive directives addressing ideologically driven lawfare and national security breaches.

9. Order the reassessment of any federal security clearances, funding eligibility, or tax-exempt statuses held by entities complicit in unlawful interference with federal authority.

10. Grant any further relief this Court deems just and proper under the circumstances, including equitable remedies as supported by the record.

11. Plaintiff respectfully demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

**Respectfully submitted,**

DATED at Spring Grove, Illinois, this 31st day of March 2025.

GREGORY J HALPERN, PRO SE
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075